## JOSIAH C. COOMBS *vs.* BENJAMIN F. EMERY.

The *statute* of 1821, *c.* 160, "to prevent fraud in firewood, bark, or coal, exposed to sale," does not render a contract for the sale of cord-wood, less than four feet long, void.

In towns where there are no legal surveyors of wood, it is not unlawful for the vendor and vendee to cause the quantity to be ascertained by any measurer appointed for that purpose by themselves.

EXCEPTIONS from the Court of Common Pleas, *Whitman C. J.* presiding.

*Assumpsit* for 15 cords of wood, and the expense of piling and surveying it. The plaintiff read in evidence a paper signed by the defendant. "I hereby agree to take of *J. C. Coombs,* a gondola of wood surveyed on his wharf, at 2-3 my expense, at $3,25 per cord." Also an order signed by the defendant. "Mr. *J. C. Coombs.* Sir: Please deliver *A. M. Wood* the wood I agreed with you for, say from 12 to 15 cords, and I will account to you for the same." *Wood* received of the plaintiff, surveyed by *William Lunt,* 15 cords of wood, and delivered the same, with *Lunt's* survey bill, to the defendant at *Bath,* who made no objection to the quantity

Coombs *v.* Emery.

or length. It was in evidence, that the wood in question was viewed by both parties on the day the contract was made, and previous thereto ; that the wood was from three to three and a half feet in length, averaging about three feet three inches. The plaintiff proved, that the parties agreed, that the wood should be piled four and a half feet high, and that eight feet in length of range should be a cord ; and that *William Lunt* should survey the same in that manner. *Lunt* did survey the wood, and in that manner. He was not a sworn surveyor of the town of *Bowdoinham*, where the wood was, when it was delivered, and where the contract was made. There was no evidence, that the town of *Bowdoinham* that year had voted it necessary to appoint surveyors of wood or bark, or that any surveyors were appointed by the town. The Judge ruled, that the action could not be maintained, and directed a nonsuit ; and the plaintiff excepted thereto.

*Mitchell*, for the plaintiff, insisted, that the famous shingle case, on which the decision in the Court of Common Pleas was based, did not apply to the case now before the Court.

1. This was not a sale of wood by the cord, but of a pile of wood, examined by the parties, and a price fixed by them. There was a mode of ascertaining the quantity agreed on, having no relation to the mode provided by law for measuring wood. The parties had a right to make their own bargains.

2. The statute respecting the admeasurement of wood has no application, where towns do not appoint surveyors according to the provisions of it.

3. The *statute of* 1821, *c.* 60, merely prescribes what shall be a cord of wood, but does not prohibit the sale of wood measured in any other way. The sale of the wood, therefore, does not fall within the principle of the shingle decision.

*Groton*, for the defendant, insisted, that this was precisely the case of *Wheeler* v. *Russell*, 17 *Mass. R.* 258. This is an unlawful contract, and cannot be the foundation of any action. The statute is imperative, that wood measurers shall be appointed in each town where wood is sold. The penalties for the non-observance of the provisions of the act are quite as severe, as they were in the statute upon which the case of *Wheeler* v. *Russell* was predicated. Our statute does provide, substantially, that no wood

shall be sold on a wharf, as this was, without a legal survey. The statute regulates what shall be a cord of wood, and how it shall be measured; and if the parties undertake to evade it by their bargains, their contracts are illegal and void.

After a continuance, the opinion of the Court was drawn up by

Weston C. J. — The *stat.* of 1821, *ch.* 160, in relation to wood, bark, and coal, section first, prescribes the length, width and height, to constitute a cord, of all cord wood exposed for sale. It is not however to be inferred, that the sale of wood, varying in length from that, which is thus prescribed, is unlawful; for the fourth section prescribes, that in ranges of wood upon a wharf, what it may want in length, shall be made up in height. The third, fourth and fifth sections have reference to duties, and impose penalties, where sworn surveyors are appointed; and it does not appear that there were any such surveyors, appointed by the town of *Bowdoinham.* It does not appear to us, as the case is presented, that it was unlawful for the parties, to cause the quantity of wood to be estimated in any mode, satisfactory to them. If any mistake however has been made, the defendant ought not to be held liable to pay for a greater quantity, than he actually received.

The *stat.* of 1821, *ch.* 158, in relation to lumber, section third provides, that no shingles shall be offered for sale, except such as shall conform to the dimensions there given. The sale of such, as depart from the standard, is expressly inhibited. The sale therefore in *Wheeler v. Russell,* 17 *Mass. R.* 258, was in direct violation of the statute; and upon that ground held to be unlawful. That in relation to wood prescribes the dimensions of cord wood, and what shall constitute a cord; but it does not make the sale of wood, varying from this standard, unlawful, or provide, that wood in any other shape or form, or by any other estimate, satisfactory to the parties, may not be a fair subject of contract. The parties may have misconceived the actual quantity, which may be set right upon another trial; but we perceive no evidence of such fraud or illegality in the contract, as deprives the plaintiff of a remedy at law.

*Exceptions sustained.*