JOHN H. PRESCOTT & another *vs.* GEORGE BATTERSBY & another.

Essex. Nov. 5, 1875. — Jan. 4, 1876. COLT & MORTON, JJ., absent.

The provision of the Gen. Sts. *c.* 49, § 131, that cities "may from time to time establish such ordinances as they deem expedient, with suitable penalties, respecting the appointment of surveyors of lumber therein," is not compulsory upon a city whose charter provides that it may establish such ordinances; and if such city fails to pass such ordinances, it still has the duty, under the Gen. Sts. *c.* 18, § 31, and *c.* 19, § 2, of appointing surveyors; and if, such ordinances not being passed, surveyors of lumber are yet appointed, and lumber is sold without being surveyed, numbered and marked, as required by the Gen. Sts. *c.* 49, § 143, the sale is void.

The St. of 1875, *c.* 153, applies only to sales of goods, wares and merchandise, by weights and measures, and not to sales of lumber.

CONTRACT for goods sold and delivered. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court, on appeal, on the findings of an auditor, which were to be taken as an agreed statement of facts, and were in substance as follows:

The plaintiffs were, when the items set forth in their bill of particulars were sold and delivered, dealers in lumber in Lawrence, in this Commonwealth. The sales declared on were made in Lawrence. A part of the items declared on are boards and dimension lumber sold and delivered by the plaintiffs to the defendants. All of said boards and dimension lumber were brought into this state from other states of the Union by the plaintiffs for sale in the city of Lawrence, and were sold by the plaintiffs to the defendants, as to quantity or measure, by the surveyor's marks, so called, on the boards and lumber, put on before said lumber and boards were brought into this state. Said boards and dimension lumber were not surveyed, measured or marked by a surveyor or other person in this state, or by any person having any authority or appointment under the laws of this state.

Section 15 of the city charter of the city of Lawrence provides that the city council may make by-laws with suitable penalties for the inspection, survey, measurement and sale of lumber, wood, coal and bark, brought into the city for sale. The city council of the city of Lawrence has never made any by-laws under said section of its charter, nor any by-law, regulation or ordinance what-

ever for the inspection, survey, sale or measurement of lumber,
but said city council has annually, for several years, in the man-
ner and form provided by the city charter and by-laws for the
election of officers generally, duly elected officers designated as
surveyors of lumber in the city of Lawrence, who, after being
sworn by the city clerk to faithfully and impartially discharge
their duties as surveyors of lumber in the city of Lawrence, have
acted as practical surveyors of boards and other lumber in said
city when called upon so to do, and at the time of the sale of said
boards and dimension lumber by the plaintiffs to the defendants
there were such duly elected and sworn officers in the city of
Lawrence.

If the above facts are a bar to the plaintiffs' claim, then at the
date of the writ there was nothing due the plaintiffs from the
defendants. If said facts are not a bar, there was due the plain-
tiffs from the defendants, at the date of the writ, the sum of
$1577.48.

*W. S. Knox*, for the plaintiffs.

*E. T. Burley*, for the defendants.

ENDICOTT, J. Towns are required at their annual meetings
to choose one or more surveyors of lumber. Gen. Sts. *c.* 18, § 31.
The provisions of this section apply to cities, so far as they are
not inconsistent with the general or special provisions relating to
cities; and the city council of a city has the power of a town,
subject to this restriction. Gen. Sts. *c.* 19, § 2. By the Gen.
Sts. *c.* 49, § 131, cities, except those mentioned in § 126, "may
from time to time establish" ordinances with suitable penalties
respecting the appointment of surveyors of lumber. And the
city charter of Lawrence, St. 1853, *c.* 70, § 15, also provides that
the city of Lawrence may establish such ordinances.

It appears from the record that the city of Lawrence has never
passed any ordinance on this subject, but that it has annually
elected surveyors of lumber, who have acted in that capacity, and
that, at the time of the sale in question, there were in Lawrence
such officers duly elected and sworn.

The lumber for which the plaintiffs seek to recover in this ac-
tion was not surveyed, marked or numbered as required by the
provisions of the Gen. Sts. *c.* 49, §§ 132–144 ; but the plaintiffs
contend, that, as the city of Lawrence had passed no ordinances

on the subject, the sale does not come within the provisions of that chapter.

But this position is not tenable. It was evidently the object of the Legislature to establish, by general law, uniform regulations respecting the sale of lumber, and to impose upon all cities and towns the duty of electing surveyors. The provision that cities may pass ordinances on the subject with suitable penalties is not compulsory; and if a city fails to pass such an ordinance, it still has the duty of electing surveyors, and the provisions of the Gen. Sts. *c.* 49, apply to sales of lumber within its limits.

Any one who sells lumber brought into the state for sale, and which is not surveyed, marked and numbered as required by the statute, is subject to the penalty imposed in § 143. This penalty implies a prohibition to sell except as provided in the statute, and the plaintiffs cannot recover the price of the lumber sold in violation of these provisions. *Miller* v. *Post*, 1 Allen, 434. *Libby* v. *Downey*, 5 Allen, 299. *Sawyer* v. *Smith*, 109 Mass. 220.

The St. of 1875, *c.* 153, has no reference to sales of lumber, but to sales of goods, wares and merchandise by weights and measures; if it had, as contended by the plaintiffs, it can only apply to sales made after its passage.

*Judgment for defendants.*