92　393
a196　423

# Rahter *versus* First National Bank of Lancaster.

1. S., who owned a distillery and a quantity of whiskey; sold the same to R., taking in payment a promissory note which he subsequently had discounted at a bank. S. had no license to sell whiskey, nor were the barrels when sold marked as required by the United States laws. The bank brought suit against R. on the note, who contended that it was void because of these violations of the law by S. *Held,* that it was not void, as the United States Statutes did not prohibit the sale of whiskey, but only imposed a penalty for their violation. *Held, further,* that S., by this single transaction, was not a dealer within the meaning of the statutes.

2. Holt *v.* Green, 23 P. F. Smith, distinguished.

January 7th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the District Court of *Philadelphia county :* Of January Term 1877, No. 178.

Assumpsit by the First National Bank of Lancaster against Henry Rahter. Defendant pleaded non-assumpsit, set-off, &c.

At the trial, it appeared that in 1872 David G. Swartz had a quantity of whiskey, the product of his distillery, which, together with his distillery, he sold to Rahter. In payment therefor he received from Rahter a certain amount of cash, a house in Baltimore, and the note in suit. A draft, also in suit, was given by Rahter to pay arrears of ground-rent and taxes on the Baltimore property. The note was drawn payable in one year after date. Before it came due Rahter failed, and the note was not paid. Six days before the note came due, Swartz, who was a director in the First National Bank of Lancaster, had it discounted by the bank, who brought this suit upon it. It appeared that the note had been, in effect, paid to the bank, it having charged the same up to Swartz, and there being sufficient funds to his credit to pay it. Swartz also admitted that at the time of this transaction he had no United States license as a dealer in whiskey, nor a license under the laws of Pennsylvania; that the barrels were not branded with the words " containing no deleterious drugs or added poison," and that he did not certify these facts to the purchaser.

The Act of July 20th 1868 (15 Statutes at Large) provides: " Sect. 44. That any person who shall carry on the business of a distiller, rectifier, compounder of liquors, wholesale liquor dealer, retail liquor dealer, or manufacturer of stills, without having paid the special tax as required by law, or who shall carry on the business of a distiller without having given bond as required by law, or who shall engage in or carry on the business of a distiller with intent to defraud the United States of the tax on the spirits distilled by him, or any part thereof, shall, for every such offence, be fined not less than $1000 nor more than $5000, and imprisoned not less than six months nor more than two years."

The Act of 14th April 1863, sect. 2, is as follows: " It shall be the duty of any person or persons engaged in the manufacture and sale of intoxicating malt or alcoholic liquors, or in rectifying or preparing the same in any way, to brand on each barrel, cask, or other vessel containing the same, the name or names of the person or persons manufacturing, rectifying, or preparing the same, and also these words, ' containing no deleterious drugs or added poison,' and shall also certify the fact or facts to the purchaser over his, her, or their own proper signature."

" Sect. 5. Any person offending against any of the provisions of this act shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be sentenced to pay a fine not exceeding $500, and to undergo an imprisonment not exceeding twelve months, or both or either, in the discretion of the court.'

The defendant submitted, inter alia, the following points: 3. " If the jury find that the note and draft sued upon, or either of them, were given in a transaction of the sale of whiskey by David G. Swartz, in April or May 1872, and that the whole, or

[Rahter v. First Nat. Bank of Lancaster.]

any part of the consideration of them, or either of them, was the price of the whiskey, unless the said David G. Swartz had paid a special tax, under the Act of Congress, as a dealer in distilled liquors, and had received a receipt therefor, under which he would have been entitled to make the sale, the consideration was illegal, and he or any one standing in his place, and possessing only his rights, cannot recover on them, or any of them, whose consideration is affected by this illegal consideration."

5. "If the jury find that the note and draft sued upon, or either of them, were given in a transaction of the sale of whiskey by David G. Swartz, in April or May 1872, and that the whole or any part of the consideration of them, or either of them, was the price of the whiskey, unless the barrels containing the whiskey were branded with the words, 'containing no deleterious drugs or added poison,' and unless he certified the same fact to the defendant over his own proper signature, the consideration was illegal, and he or any one standing in his place, and possessing only his rights, cannot recover on them, or either of them, whose consideration is affected by his transaction."

The court, Briggs, J., directed a verdict for the plaintiff, reserving the questions of law submitted by the points. He subsequently entered judgment for the plaintiff on the points reserved, which was assigned for error by defendant, who took this writ.

*Rudolph M. Shick,* for plaintiff in error.—We submit that the true construction of the statute is that every person who sells or offers for sale the liquors named, though it may be but a single transaction, renders himself liable to the penalty for doing so without license, and makes him a dealer within the terms of the statute: United States v. Harbison, 13 Int. Rev. Rec. 118; United States v. Barnhart, 20 Id. 137 (1874). This case is governed by Maybin v. Coulon, 4 Yeates 24; Holt v. Green, 23 P. F. Smith 198.

The Act of 8th May 1854, sect. 7, is as follows: "No action shall be maintained or recovery had in any case for the value of liquors sold in violation of this or any act; and defence may be taken in any case against such recovery without special plea or notice." Swartz testified on the trial that the whiskey was not stamped as required. He has, therefore, failed to comply with this law. The law prescribes that it shall be the duty of *any person.* There is no room for defining Mr. Swartz out of the operation of the law. The language is as broad as it can be made. The act provides that any one "offending against *any* of its provisions shall be deemed guilty of a misdemeanor, and subject to fine and imprisonment." By the Act of 8th May 1854, the legislature has declared the common law to be what we have contended it is.

[Rahter *v.* First Nat. Bank of Lancaster.]

*Alexander Simpson,* for defendant in error.

The judgment of the Supreme Court was entered January 19th 1880,

PER CURIAM.—In Holt *v.* Green, 23 P. F. Smith 198, the Act of Congress expressly prohibited any person from engaging in or carrying on the business of a commercial broker without a license. That is not this case.   Swartz may have made himself liable to the penalty imposed by the act, but we see nothing which made it unlawful to sell the whiskey which he had distilled, nor do we think that the particular transaction here in question made him a dealer within the true meaning of the law.

Judgment affirmed.'