JAMES P. RANDALL *vs.* JAMES E. TUELL.

Kennebec.     Opinion January 5, 1897.

*Inn Holder.   License.   Void Contract.   R. S., c. 27, § 13.*

Where a license is required for the protection of the public and to prevent
improper persons from engaging in a particular business, and the license is
not for revenue merely, a contract made by an unlicensed person in violation
of the act, is void.

By R. S., c. 27, § 13, it is expressly provided that "no person shall be a com-
mon innholder or victualer without a license, under a penalty of not more
than fifty dollars."

This statute is explicitly prohibitory, and the license required is clearly for the
protection of the public and to prevent improper persons from engaging in
a particular business.

The plaintiff, as innholder, furnished board and lodging to the defendant at
his inn. He had not obtained the license required by statute. This action
is based upon a clear violation of the statute, and the plaintiff cannot success-
fully invoke the aid of the court to enforce it.

ON EXCEPTIONS BY DEFENDANT.

This was an action of assumpsit for board and lodging furnished
at the Cony House, in the city of Augusta, between April 26, 1894,
and May 10, 1894. The plea was the general issue. The case
was tried to a jury in the Superior Court for Kennebec County.

That the plaintiff boarded a lady at his hotel, the Cony House,
in Augusta, Maine, for fourteen days from April 26, 1894, to May
10, 1894, was admitted. It was not in controversy that the price
charged, $28.00, and claimed in the writ, was reasonable.

The plaintiff contended that he furnished the board under an
oral contract with the defendant, whereby the defendant engaged
the room and originally promised to pay for the board and
lodging subsequently so furnished.

The defendant contended that in making the contract, relied on
by the plaintiff, he was merely the agent of the lady to whom the
board was so furnished, and that the contract was hers and not his.

The cause was submitted to the jury upon the foregoing issue

and a verdict rendered for the plaintiff for the sum $28.00 with interest from demand.

It was not in controversy that the Cony House, during the time covered by plaintiff's claim was a public inn in the city of Augusta, in the county of Kennebec, and that the contract relied on was for board and lodging furnished by the plaintiff at said public inn, as an innholder. It was admitted that during the time covered by the contract the plaintiff had no license as an innholder in the city of Augusta, as required by statute.

The defendant seasonably requested the presiding justice to instruct the jury that under the foregoing facts, the plaintiff could not maintain his action, and that a verdict should be rendered for the defendant.

The presiding justice declined to give the instruction so requested and ruled, pro forma, that the action was maintainable; and to this ruling the defendant excepted.

*E. W. Whitehouse* and *W. H. Fisher*, for plaintiff.

The statute does not make contracts of unlicensed innkeepers void. There is nothing in the statute by which such an intention of the legislature can even be implied. Forfeitures and confiscation of honest debts must be the result of express legislation; these are not to be implied. In *Burbank* v. *McDuffie*, 65 Maine, 135, APPLETON, C. J., says: "It is not for the court to interpolate by judicial construction what the legislature did not deem wise to insert," and in the same case, the court cites and approves *Harris* v. *Runnells*, 12 How. (U. S.) 79. This case seems to be parallel with the one at issue, in which it was held that when the sale was an offense by reason of a statute, but the act itself was not criminal, and the sale itself was not declared void by the statute, there was no implication from the mere infliction of the penalty that the contract was void. That is the law as declared by the Supreme Court of the U. S. and it seems that it should be and is law in the State of Maine.

In *Norcross* v. *Norcross*, 53 Maine, 163, it was held that a suit could be maintained against an unlicensed innkeeper, and the court said:—"A license does not change the character of the busi-

ness of those who entertain travelers. The possession of it does not make, or the want of it prevent, a person from being an innkeeper, at common law; it is his business alone that fixes the status of a party in this respect." *Atwater* v. *Sawyer*, 76 Maine, 541.

*H. M. Heath and C. L. Andrews*, for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, WISWELL, STROUT, JJ.

FOSTER, J. The only question presented in this case is, whether an innholder who has no license under R. S., c. 27, can recover for board and lodging furnished by him in such inn.

While the statute contains no express provision declaring contracts · by an unlicensed innholder to be void, it does by § 13 expressly provide that "no person shall be a common innholder or victualer without a license, under a penalty of not more than fifty dollars."

It is the general doctrine now settled by the great weight of authority, that where a license is required for the protection of the public and to prevent improper persons from engaging in a particular business, and the license is not for revenue merely, a contract made by an unlicensed person in violation of the act is void.

Did the legislature by the requirement of a license intend to prohibit the exercise of the business without a license, or was the statute enacted for revenue purposes only?

It can hardly be contended that the statute is in any sense for mere revenue. The fee required is only one dollar. The licensee must show that he is a man of good moral character, must give bond not to violate the prohibitory law, and must allow no gambling on his premises. The legislative intent is best inferred from the language of the statute itself. The statute is explicitly prohibitory, and the license required is clearly for the protection of the public and to prevent improper persons from engaging in a particular business.

This question has come before the courts not only in this but in other states, and the great trend of authority is in but one direction.

The same principle was established in *Harding* v. *Hagar*, 60 Maine, 340. There the plaintiff was a commercial broker within the meaning of a statute of the United States, which provided that no person should be engaged in prosecuting or carrying on any trade, business or profession thereinafter mentioned until he should obtain a license therefor, under a penalty. That statute contained no express provision declaring the contracts of unlicensed persons void. Like the statute under consideration, it prohibited unlicensed employments. Suit was brought to recover for services as broker, and in the course of the opinion KENT, J. says:—"It is too-well settled to require the citation of authorities, that no party can recover for acts or services done in direct contravention of an express statute, or for property sold and delivered. When the case develops such forbidden acts, unless protected by a license or authority, it is incumbent on the plaintiff to show such license."

The same question was determined, authorities reviewed, and the principle affirmed in *Harding* v. *Hagar*, 63 Maine, 515. In *Stanwood* v. *Woodward*, 38 Maine, 192, an innholder, without license, sought to establish a lien for board upon the property of a guest committed to his charge, and the want of a license was held to be fatal to his claim.

This case falls within the rule laid down by this court in *Durgin* v. *Dyer*, 68 Maine, 143, where the court say:—"The rule is well established that contracts for the sale of chattels entered into in contravention of the terms and policy of a statute cannot be enforced; and it is immaterial whether the sale is expressly prohibited, or a penalty imposed therefor, because the imposition of a penalty in such case implies prohibition."

So under a statute which in terms provides that "whoever offers for sale or shipment any pressed hay not marked" as required by law "forfeits one dollar for each bale so offered, to be recovered by complaint," this court has held that contracts for the sale of such hay was void. *Buxton* v. *Hamblen*, 32 Maine, 448. The

court there say that "the statute though not in express terms, yet by unavoidable inference, prohibits every such sale." *Pickard* v. *Bayley*, 46 Maine, 200.

A contract for shingles not surveyed as required by law was held void in *Richmond* v. *Foss*, 77 Maine, 590, although the statute contained no express prohibition.

In *Cope* v. *Rowland*, 2 Mees. & W. 149, it was held that a person acting as a broker without license could not recover his commissions, where the statute required a license and imposed a penalty for its violation. "It is perfectly settled," says Baron Parke, "that where the contract which the plaintiff seeks to enforce, be it express or implied, is expressly or by implication forbidden by the common or statute law, no court will lend its assistance to give it effect. It is equally clear that a contract is void if prohibited by a statute, though the statute inflicts a penalty only, because such a penalty implies a prohibition."

In Massachusetts the decisions are numerous that where a statute imposes a penalty for a failure to comply with its provisions, it is to be construed as prohibitory, and that contracts made in direct contravention of its requirements are unlawful and void. *Miller* v. *Post*, 1 Allen, 434, where milk was sold by the can and the cans were not sealed. *Libby* v. *Downey*, 5 Allen, 299, where coal was sold without being weighed by a sworn weigher. *Sawyer* v. *Smith*, 109 Mass. 220, hay sold without being weighed as required by statute. *Prescott* v. *Battersby*, 119 Mass. 285, lumber sold without being properly surveyed.

The same doctrine was affirmed in Illinois in *Hustis* v. *Picklands*, 27 Ill. App. 270, where, under a statute making it unlawful for persons to exercise the business of brokers without a license, it was held that one who sold stocks without a license could not maintain an action for his commissions. And also in *Tedrick* v. *Hiner*, 61 Ill. 189.

Also in Pennsylvania, in *Johnson* v. *Hulings*, 103 Penn. St. 498 (49 Am. Rep. 131); *Holt* v. *Green*, 73 Penn. St. 198 (13 Am. Rep. 737.)

In California, where it is made a misdemeanor for a person to

practice medicine without a license, an action will not lie to recover for services so rendered. *Gardner* v. *Taturn*, 81 Cal. 370.

In Tennessee the court say that the revenue test is to be applied only where there is doubt from the language of the statute itself whether or not the legislature intended to prohibit the exercise of the privilege without a license, and that under a statute providing that the business of a real estate broker shall not be pursued without a license, it was held that an unlicensed broker could not recover his commission. *Stephenson* v. *Ewing*, 87 Tenn. 46.

If the statute in question was enacted for revenue purposes only, instead of being prohibitory, the plaintiff might properly recover. But we are satisfied that such was not the intention of the legislature. The statute being by implication prohibitory by reason of the penalty attached, the plaintiff is precluded from recovering. Basing his action upon a clear violation of the statute, he cannot successfully invoke the aid of the court. *Miller* v. *Post*, 1 Allen, 434.

*Exceptions sustained.*