## SMITH ROLFE CO. v. WALLACE.

No. 3307.  Opinion Filed January 19, 1914.

Rehearing Denied March 10, 1914.

(139 Pac. 248.)

CORPORATIONS—Contracts of Foreign Corporations—Validity—License Tax. A foreign corporation doing business in this state has complied with all the requirements of the Constitution (sections 43, 44, art. 9) and of the statutes (sections 1538-1540, Comp. Laws 1909) by filing a copy of its charter or articles of incorporation, and designating an agent for the service of process as required, a failure to do which would render its contracts void, and close the courts to it in enforcing them (section 1541, Comp Laws 1909; Rev. Laws 1910, sec. 1338); but it has failed to comply with, and pay the license tax required by, chapter 57, Session Laws 1910 (sections 7538 to 7549, Rev. Laws 1910). **Held,** that the contracts of such corporation, while in such default as to the payment of the license tax, are not void, nor is its right to enforce them in the courts of this state to be denied.

(Syllabus by Brewer, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by the Smith Rolfe Company, a corporation, against
R. G. Wallace. Judgment for defendant, and plaintiff brings
error. Reversed and remanded.

*Wilson & Tomerlin* and *E. E. Buckholts,* for plaintiff in
error.

*Scothorn, Caldwell & McRill,* for defendant in error.

Opinion by BREWER, C. The defendant in error, Wal-
lace, was sued for a balance of $200 due by him on an automo-
bile. His defense was that the plaintiff, a foreign corporation,
had a place of business in this state, and part of its capital in
use here, and had failed to pay its license tax, and make its
report as required by chapter 57 of the Session Laws of 1910.
The court overruled a demurrer to this defense, and gave judg-
ment on the pleadings for defendant. The question to be decided
here is whether the answer set up a defense.

When we consider what the answer says, and what it omits
to say, we have this state of facts: The plaintiff, a foreign cor-
poration, has a place of business, and is doing business, in Okla-
homa. It has filed copies of its articles of incorporation with
the Secretary of State, and has appointed its agent for the ser-
vice of process, and performed all the things required to be
performed by sections 1538-1540, Comp. Laws 1909. It has
failed to make its report to the Corporation Commission and
pay its license tax as required by the act of 1910 (chapter 57,
Sess. Laws 1910 [sections 7538 to 7549, Rev. Laws 1910]).

The contention of defendant is that the failure of plaintiff
to comply with the requirements of the act of 1910 renders its
contracts void, and deprives it of the right to enforce them in
any court of this state. It is not claimed that any such penalty
is provided in the act itself, but that this result flows from
the provision of the act providing that a license must be obtained
by such corporation, before it can do any business in the state.
We do not think this contention sound, under the previous hold-

ings of this court.  It will be borne in mind, so that no confusion may arise, that a failure to comply with section 1540, Comp. Laws 1909, which provides for filing a copy of the charter or articles of incorporation with the Secretary of State, and ap= pointing an agent for the service of process, etc., is not charged; but that it has done all these things is admitted by the pleading. Therefore the penalty embraced in section 1541, Comp. Laws 1909, which provides that, for failure to comply with section 1540, *supra,* the contracts of such delinquent corporation shall be void and ꞏnonenforceable in the courts of this state, does not apply in this case, and is not up for consideration.

Does the fact that the first section of the act under consideration (chapter 57, Sess. Laws 1910 [section 7538, Rev. Laws 1910]), which prohibits all corporations from doing business in this state without license so to do, invalidate a contract the corporation may make while delinquent?  On this question we find three lines of decisions:  Many courts hold that all contracts made contrary to the prohibition of a statute are void. *Wilson v. Spencer,* 1 Rand. (Va.) 76, 10 Am. Dec. 491; *McConnell v. Kitchens,* 20 S. C. 430, 47 Am. Rep. 845; *Thorne v. Travelers' Ins. Co.,* 80 Pa. 15, 21 Am. Rep. 89; *Smith v. City of Albany,* 7 Lans. (N. Y.) 14; *Sharp v. Teese,* 9 N. J. Law, 352, 17 Am. Dec. 479; *Solomon v. Dreschler,* 4 Minn. 278 (Gil. 197); *Wheeler v. Russell,* 17 Mass. 258; *Randall v. Tuell,* 89 Me. 443, 36 Atl. 910, 38 L. R. A. 143; *Smith v. Robertson,* 106 Ky. 472, 50 S. W. 852; *Dillon & Palmer v. Allen,* 46 Iowa, 299, 26 Am. Rep. 145.  Others hold that, where a statute is designed chiefly for raising revenue, it will be presumed that the Legislature did not intend to invalidate contracts made by delinquents, but that the penalties prescribed in the act were thought to be sufficient to compel its observance, thus protecting and insuring the revenue provided for by the act.  *Aiken v. Blaisdell,* 41 Vt. 655; *Rahter v. First Nat'l Bk.,* 92 Pa. 393; *Larned v. Andrews,* 106 Mass. 435, 8 Am. Rep. 346; *Babcock v. Goodrich,* 47 Cal. 488.  Another line of cases regards the question as one of legislative intent, to be gathered from the language of the act itself construed in the light of its subject-matter, the evils condemned,

and the remedy proposed, etc. *Pangborn v. Westlake,* 36 Iowa, 546; *Harris v. Runnels,* 12 How. 79, 13 L. Ed. 901; *Union Nat'l Bk. v. Matthews,* 98 U. S. 621, 25 L. Ed. 188; *Coombs v. Emery,* 14 Me. 404; *Wheeler v. Hawkins,* 116 Ind. 515, 19 N. E. 470.

This court seems to have adopted the views and announced the doctrine followed in the last two lines of decisions. In the case of *Cooper v. Ft. S. & W. Ry. Co.,* 23 Okla. 139, 99 Pac. 785, the court considered this precise question, except that it involved a different statute and a constitutional provision. Section 1225, Wilson's Rev. & Ann. St. (section 1538, Comp. Laws 1909) and sections 43 and 44, art. 9, of the Constitution were under consideration. Section 1225, *supra,* prohibits the transaction of any business, except after doing certain things, which had not been done. The constitutional provisions likewise prohibit the corporation from doing any business until certain steps have been previously taken by it which had, admittedly, not been taken. The court, in an opinion by Justice Turner, reviews and cites the authorities at considerable length, and bases the decision on the question of legislative intent, and says in the syllabus:

"An answer setting up a plea in bar to a suit on promissory note given in aid of the construction of plaintiff's line of railroad, which alleges, in substance, that at the time it was executed plaintiff was and still is a foreign corporation, and as such has failed to comply with Wilson's Rev. & Ann. St. 1903, secs. 1225 and 1227, is bad, as it was not the intent of the Legislature, by inhibiting such corporation from doing business in the state, to deprive it of the right to sue in its courts or to render void contracts made by it in the state, and a demurrer thereto was properly sustained."

And again in *Joiner v. Ardmore Loan & Trust Co.,* 33 Okla. 266, 124 Pac. 1073, the point came under review in this court, and the rule announced in the Cooper case, *supra,* was reiterated, in an opinion by Justice Dunn. The court in that case had under review section 43 of article 9 of the Constitution, and say in the syllabus:

"An answer setting up a plea in bar to an action on a promissory note, which alleges, in substance, that plaintiff was a corporation incorporated under the laws in force in the Indian Terri-

tory prior to statehood, and was doing business at the time of the admission of Oklahoma into the Union, and so continued to do business to the time of the filing of the action, and that it had not complied with the Constitution and laws of the state of Oklahoma in reference to corporations doing business in the said state at the time the transaction in suit took place, nor at the time of the filing of the action thereon, is not effective as a plea in bar to such action on transactions had by the said corporation, under the provisions of section 43, art. 9, par. 260, Williams' Ann. Const. Okla., and a demurrer to such plea is properly sustained."

We have another expression of this court which seems to be applicable in *Hughes v. Snell et al.,* 28 Okla. 828, 115 Pac. 1105, 34 L. R. A. (N. S.) 1133, Ann. Cas. 1912D, 374, wherein the rule announced in the second line of cases, mentioned *supra,* is followed, the court holding in the syllabus:

"To the general rule that an act in violation of a statute or municipal ordinance forbidding it is void, there is the exception that when the statute or ordinance is for the purpose of raising revenue and does not make the act itself void, and the act is not *malum in se* nor detrimental to good morals."

That the statute we are considering is one for raising revenue is apparent. It provides for a license tax on certain corporations as a condition precedent to their exercising their corporate functions. So under either rule—that of legislative intent, or of revenue statutes—the former decisions of this court are controlling. It therefore follows that, where a corporation has complied with all the requirements of the Constitution and statutes relative to filing copies of their charters or articles of incorporation, and have designated an agent for the service of process as required, a failure to do which would render their contracts void, and close the courts to them, but has failed to report and pay its license tax as required by chapter 57, Session Laws 1910 (sections 7538 to 7549, Rev. Laws 1910), its contracts while in such default are not void, nor is the right to proceed in court to enforce them to be denied.

The answer in this case did not state a defense, and the cause should be reversed and remanded for proceedings in accordance with this opinion.

By the Court: It is so ordered.