## PALMER-GREGORY CHIROPRACTIC COLLEGE v. SPAIN, Sheriff, et al.

No. 5425.    Opinion Filed November 23, 1915.

(153 Pac. 140.)

**APPEAL AND ERROR—Verdict—Evidence.** Where there is competent evidence reasonably tending to support the verdict of a jury, under proper instructions from the court, this court will not disturb the verdict.

(Syllabus by Galbraith. C.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by the Palmer-Gregory Chiropractic College against Jack Spain, as sheriff of Oklahoma County and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Estes & Moore,* for plaintiff in error.

*Philip E. Winter,* for defendants in error.

Opinion by GALBRAITH, C.  This appeal is from the judgment of the trial court entered upon the verdict of a jury in a replevin action, in which the title and the right to possession of certain articles of personal property were involved, and which had been seized by the sheriff of Oklahoma County under an execution issued upon a judgment against Dr. A. A. Gregory.  The plaintiff in error, as plaintiff below, claimed that the property belonged to it, and not to Dr. Gregory.  The finding of the jury was against this contention, and the purpose of this appeal is to review that judgment.

There is but one question presented by this appeal; that is, whether or not there is evidence in the record tending to support the verdict of the jury.  We assume that the law of the case was properly declared by the court to the jury, inasmuch as no exceptions were saved to the court's charge to the jury.  The facts disclosed by the record, in brief, are as follows:  In January, 1908, Dr. A. A. Gregory, and one of his daughters and two others, members of his profession, signed articles of incorporation and took the preliminary steps for organizing a corporation under the name of the "Palmer-Gregory Chiropractic College," with place of business in the Campbell Building, Oklahoma City.  The ostensible purpose of the corporation was to establish a college, or sanitarium, or school, with the idea of propagating the faith of the promoters at so much per.  Some six or eight months later one of the promoters dropped out, and Dr. Gregory and the other promoter entered into a partnership agreement for the management and control of the business under the cor-

porate name. The business was conducted under the partnership agreement for about one year thereafter, when the partner retired, leaving Dr. Gregory as sole owner and proprietor, and sole sponsor for propagating the faith of the chiropractics and maintaining its college of learning at Oklahoma City. Dr. Gregory seems to have borne this burden until June, 1912, when he sought temporarily to lay it aside. Preparatory to taking a vacation he caused to be gathered together his lares and penates, consisting of books, bookcases, beds, bed springs, bedding, mattresses, dressers, tables, grips, school seats, chairs, maps, charts, cut glass, embracing 215 separate parcels, and of the alleged value of $222.35, and placed them in storage with the Reliable Transfer & Storage Company. Afterwards the sheriff levied an execution on this property in storage as the property of Dr. Gregory, then the Palmer-Gregory Chiropractic College intervened in the suit, and claimed that the property belonged to it, and not to Dr. Gregory, and it was the claim of this company to the ownership and right to the possession of this property that was tried in this action, which resulted in the judgment appealed from.

There is ample evidence in the record to show that Dr. Gregory was the real owner and proprietor of the property involved in this suit, as well as the owner and proprietor of the alleged corporation, Palmer-Gregory Chiropractic College. In fact the evidence strongly tends to support the inference, if it does not absolutely compel it, that no attempt in good faith was ever made to organize a corporation, and that a corporate name was sought and used as a mask to conceal the work of a Dr. Jekyll and a Mr. Hyde.

The jury heard the testimony and observed the manner of the witnesses in testifying, and by their verdict found against the contention of Dr. Gregory that this property belonged to the Palmer-Gregory Chiropractic College, and the trial court in denying the motion for a new trial approved the verdict and finding of the jury. This is conclusive on this court, inasmuch as no exceptions were taken to the law as declared by the court in its charge. to the jury, and as the finding of the jury is supported by the evidence, the judgment of the trial court should be affirmed. *McConnell v. Watkins*, 42 Okla. 214, 140 Pac. 1167.

We therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.