## DOLESE BROS. CO. v. PACIFIC ENGINEERING & CONSTRUCTION CO.

No. 14296—Opinion Filed Sept. 18, 1923.

(Syllabus.)

1. Garnishment — Property of Individual Defendant Though in Name of Corporation Intervening.

Where, in an action for debt against O'Brien, a garnishment summons is served upon W. as a debtor of O'Brien either in his own name or that of the Pacific Engineering & Construction Company, and W. in its answer admits the indebtedness to the Pacific Engineering & Construction Company, and the Pacific Engineering & Construction Company files its intervention asserting ownership of the fund, to which the plaintiff files an answer and in paragraph 4 thereof pleads substantially that O'Brien contracted with the garnishee in the name of the Pacific Engineering & Construction Company, but that the contract and rights accruing thereunder were in fact the property of O'Brien at the time the garnishment summons was issued and served, held, that it was error to strike this paragraph of the answer.

2. Corporations — Validity of Contracts— Noncompliance with Statutes as to Reports and License Tax.

Where a corporation has complied with all requirements of the Constitution and statutes relative to filing copies of charters and articles of incorporation, but has failed to report and pay its license tax as required by chapter 57, Session Laws 1910, its contracts while in such default are not void, nor is the right to proceed in court to enforce them to be denied.

Error from District Court, Rogers County; W. B. Williams, Assigned Judge.

Action by Dolese Bros. Company against P. J. O'Brien; the Pacific Engineering & Construction Company intervening in garnishment proceeding. Judgment for intervener, and plaintiff brings error. Reversed and remanded, with directions.

Holtzendorff & Holtzendorff and Wilson, Tomerlin & Threlkeld, for plaintiff in error.

Jennings, Hall & Battenfield, for defendant in eror.

COCHRAN, J. Plaintiff in error filed suit against P. J. O'Brien to recover a money judgment and procured a writ of garnishment to be issued and served against the Walbridge-Aldinger Company as a debtor of P. J. O'Brien, either in his own name or the name of the Pacific Engineering & Construction Company. The garnishee filed an answer admitting the indebtedness to the Pacific Engineering & Construction Company. The Pacific Engineering & Construction Company, a corporation, filed its intervention, asserting its ownership of the fund. The plaintiff filed an answer, and, among other things, set up the following defense to the intervention in paragraph 4 of the answer:

"For a further answer and defense to the plea of intervention of the Pacific Engineering & Construction Company filed herein, plaintiff alleges the facts to be that the said P. J. O'Brien undertook to contract with Walbridge-Aldinger Company as set forth in the answer of the Walbridge-Aldinger Company, in the name of the Pacific Engineering & Construction Company at a time when the Pacific Engineering & Construction Company was not an incorporated company, nor was it licensed or authorized to do or transact any business in this state as a corporation, and that any rights

acquired by virtue of said contracts or choses in action were at the time of the commencement of this action the personal property of the said P. J. O'Brien, and as such were subject to garnishment and were reached by the process of this court in this action prior to the time of the Pacific Engineering & Construction Company being incorporated or licensed to do or transact any business in this state as a corporation."

The Pacific Engineering & Construction Company filed a motion to strike this paragraph of the plaintiff's answer, which motion was sustained, and plaintiff has appealed. This paragraph of the answer pleaded substantially (1) that O'Brien contracted with the garnishee in the name of the Pacific Engineering & Construction Company at a time when the Pacific Engineering & Construction Company was not an incorporated company and was not licensed or authorized to transact any business in this state, and (2) the rights acquired under the contract were at the time of the commencement of this action the property of O'Brien.

We are of the opinion that the trial court erred in striking this paragraph of the answer. If this contract and the rights accruing thereunder were in fact the property of O'Brien at the time the garnishment writ was issued and served, and although the contract was taken in the name of the corporation, the same was subject to garnishment as the property of O'Brien, and this is true although the entire transaction with the garnishee was in the name of the corporation. Palmer-Gregory Chiropractic College v. Spain, 52 Okla. 590, 153 Pac. 140.

As to the contention that the Pacific Engineering & Construction Company had failed to comply with section 9946, Comp. Stat. 1921, which is as follows:

"No corporation incorporated under the laws of this state, or of any other state, shall do or attempt to do business by virtue of its charter or certificate of incorporation in this state without a state license therefor; Provided, however, that the provisions of this article shall not apply to railroad companies, car companies, electric railroad companies, telephone and telegraph companies, heat, light and power companies waterworks, and water power or trust companies, building and loan associations, or to any company or corporation not organized for profit"

—and that the contract was therefore not one of the corporation, but of the individuals associated for the purpose of forming the same, and that the corporation could not seek the aid of the court in this case because of such failure, we are of the opinion that the case of Smith Rolfe Co. v. Wallace, 41 Okla. 643, 139 Pac. 248, is decisive of the question against plaintiff's contention. There was no allegation in plaintiff's pleading that the necessary steps for procuring a charter had not been taken or that the fees for the same had not been paid. Such allegations would have brought the case within the rule announced in Jones v. Aspen Hardware Co. (Colo.) 40 Pac. 457. In the instant case, the failure was to obtain a state license after the corporation had been granted its legal existence by the state, and this court in Smith Rolfe Co. v. Wallace, supra, said:

"It therefore follows that, where a corporation has complied with all the requirements of the Constitution and statutes relative to filing copies of their charters or articles of incorporation, and have designated an agent for the service of process as required, a failure to do which would render their contracts void, and close the court to them, but has failed to report and pay its license tax as required by chapter 57, Session Laws 1910 (secs. 7538-7549, Rev. Laws 1910), its contracts while in such default are not void, nor is the right to proceed in court to enforce them to be denied."

It is our opinion that the failure to obtain license did not preclude the corporation from accepting the benefits of the contract as a corporation or from proceeding in court to enforce its rights.

The judgment of the trial court is reversed, and cause remanded, with directions to proceed further in accordance with the views herein announced.

JOHNSON, C. J., and KANE, KENNAMER, and NICHOLSON, JJ., concur.