Eno, J.
By this action of contract, the plaintiff seeks to recover the balance due for labor and materials, including extras, furnished in the construction of a dwelling house for the defendants.
The answer, as amended, sets out several defenses, including “ (1) that the performance of the work under the contract declared on . . . was prohibited by law, and illegal and against public policy and the contract is void. (2) That the price charged by the plaintiff to the defendants for the work done under the contract set forth in the plaintiff’s declaration was in excess of the amount allowed to be charged by law, and was thereby prohibited by law and said contract was illegal and against public policy and is void. (3) That the use of the materials by the plaintiff in the performance of the contract alleged in the plaintiff’s declaration was prohibited by law and the contract was illegal and against public policy and is void.”
*89 The trial judge made a lengthy finding of facts which may be summarized as follows: The defendants were owners of a vacant lot of land, and early in 1946, had plans and specifications prepared for a single dwelling to be erected thereon. Sometime in February of 1946, they showed their plans to the plaintiff. After several conversations, the contract sued on was executed on April 13,1946. A building permit was issued by the City of Newton on February 6th, 1946 to the architect, who also held conferences with the plaintiff and another contractor before the defendants talked to the plaintiff. Excavation for the cellar was commenced on March 21st or 22nd and was completed in two or three days. A copy of Veterans’ Emergency Housing Program order No. 1, effective March 26, 1946, issued by the Civilian Production Administration, pursuant to Executive Order 9024, January 16, 1942, contained in 7 Federal Record 329, is annexed to the report. This order absolutely prohibited the construction, repair, or the making of any addition or alteration of any public or private structure, except when permitted under certain specified exceptions listed as paragraphs (d), (e) and (f), or when and to the extent specifically authorized under paragraph (h). A criminal penalty for violations is provided by paragraph CD-
There was a conversation between the parties as to whether a permit would be required under said order. The architect tried to obtain one for this work from the Civilian Production Administration, but it was refused. The Court, from conflicting evidence, found as a fact that “none of the footing was in place before March 26th and no permanent construction was commenced before that date.”
The Court found for the plaintiff in the amount of $327.00 for grading of the lot outside of the contract, which is not contested, but found as a fact that the plaintiff violated said *90 order No. 1 and ruled on account of that violation that he could not recover as a matter of law for the balance due under the contract.
The matter is before this division solely on the plaintiff’s request for a report because of this ruling.
Under Article 6 of the Constitution of the United States, our Courts are bound by the acts of Congress and administrative regulations made under its authority. See Mondon v. N. Y., N. H. and H. R. R. Co., 223 U. S. at page 57; 38 L. R. A. N. S. 44. See also Schaffer v. Leimberg, 318 Mass. 396.
The sole issue then is whether or not the violation of said order bars the plaintiff from recovery in this case, as ruled by the trial judge. ¡
By said Order No. 1, the construction of any building, with certain exceptions not material in the case at bar, was prohibited, unless actually begun before March 26, 1946, or was previously authorized after application therefor. For any violation of this order, the penalty was a fine or imprisonment.
In Armour Packing Company v. United States, 209 U. S. 57, 72, Mr. Justice Day, dealing with a special contract for prompt delivery of goods by an interstate carrier in violation of the so-called Elkins Act of February 19, 1903, amending the act of 1887, 32 Stat. 847, c. 708, said: “The Elkins Act proceeded upon broad lines and was evidently intended to effectuate the purpose of Congress to require that all shippers should be treated alike, and that the only rate charged to any shipper for the same service under the same conditions should be the one established, published and posted as required by law. It is not so much the particular form by which or the motive for which this purpose was accomplished, but the intention was to prohibit any and all means that might be resorted to obtain or receive *91 concessions and rebates from the fixed rates, duly posted and published.”
What has just been quoted may be said of the case at bar. The obtaining of a permit under said order No. 1 was a condition precedent to the building of the defendant’s house.
Inasmuch, as it appears by the report, said permit was applied for and refused, the parties were in pari delicto. In such cases, neither party is to be given assistance by the courts, but both are left where they have placed themselves. Restatement of Contracts, §580 (2)a, §598; Prescott v. Battersby, 119 Mass. 285, 287; Eastern Metal Co. v. Webb Granite and Construction Co., 195 Mass. 356, 361; Gleason v. Mann, 312 Mass. 420.
We think that the case at bar can be distinguished from Fox v. Rogers, 171 Mass. 546, because here the parties contracted to do an illegal act, that is, build a dwelling house that was absolutely prohibited by law.
According to the Restatement of Contracts, §580, “any bargain is illegal if either the formation or the performance thereof is prohibited by constitution or statute”. And the “Legislative intent to prohibit the formation” of such a bargain may be manifested by: “ (a) express prohibition, (b) making the formation of the bargain or the performance thereof a crime, or (c) imposing a penalty for the formation of the bargain.” See cases cited under said section in pocket supplement containing Massachusetts Annotations.
We are of opinion that all these elements are present in the case at bar and that the trial judge correctly ruled that the contract was illegal.
The report, therefore, is to be dismissed.