[Civ. No. 94.    Second Appellate District.—November 20, 1905.]

THORNTON FITZHUGH, Appellant and Respondent, v. JOHN A. MASON et al., Defendants; JOHN A. MASON, Respondent and Appellant.

ACTION BY ARCHITECT—BREACH OF CONTRACT OF EMPLOYMENT—PERCENTAGE—DAMAGES—UNASSAILED FINDING.—Where an architect, who claimed percentage to the amount of $15,000 on the contemplated cost of a building, sued for damages in that amount for breach of the contract of employment, and recovered the sum of $700 damages, and in his specifications of insufficiency of the evidence did not assail the finding as to the amount of the damages

recovered, he is not entitled to claim a larger sum under the evidence.

ID.—CLAIM OF PERCENTAGE LESS EARNINGS AND EXPENSES—ABSENCE OF FINDING—CONTRACT PROVED AND FOUND.—The claim under the evidence of the percentage sued for, less earnings and expenses, is untenable, where there is no finding as to his earnings or his expenses in carrying out the contract, and where under the contract proved and found he was not entitled to the amount claimed.

ID.—DELAY OF SIX MONTHS IN DEMAND OF JUDGMENT—REFUSAL TO DISMISS ACTION—DISCRETION.—The failure of the plaintiff to demand judgment within six months after the order for findings does not require a dismissal of the action, and the court had discretion to refuse such dismissal, as well as to grant it.

ID.—VALIDITY OF CONTRACT—ACT TO REGULATE PRACTICE OF ARCHITECTURE—CERTIFICATE NOT ISSUED.—A contract for the employment of an architect is not rendered illegal or void because made in advance of the issuance of the certificate to the architect under the act of March 23, 1901, to regulate the practice of architecture; though in order to carry out the contract it would be necessary for the architect to take out his certificate.

ID.—SUPPORT OF FINDINGS—EMPLOYMENT OF ARCHITECT—AGREEMENT FOR PERCENTAGE ON CONTEMPLATED COST.—*Held,* that the evidence is sufficient to support the finding of the employment of the architect, but insufficient to support a finding as to an agreement for five per cent on the contemplated cost of the building.

ID.—IMPLIED AGREEMENT FOR REGULAR FEES—ABSENCE OF EVIDENCE AS TO TIME OF PAYMENT—RIGHT TO DISCONTINUE WORK.—While from the evidence an agreement might be implied to pay the regular fees, there being no evidence of a custom of the trade as to the time of payment, it is reasonable to infer that the employer would be liable therefor only upon completed work, and that in the absence of an agreement to the contrary, the employer might discontinue the employment at his option, paying the architect for services rendered and expenses incurred.

ID.—UNSUPPORTED FINDING AS TO AGREED PERCENTAGE RENDERED IMMATERIAL.—The unsupported finding as to an agreed percentage is rendered immaterial by the failure to specify insufficiency of the evidence to sustain the finding as to the amount of damages allowed.

ID.—SUFFICIENCY OF COMPLAINT.—*Held,* that the averments of the complaint are insufficient to show a right of recovery of a percentage on the cost of the building, but are sufficient to sustain the damages recovered for breach of the contract of employment.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a motion for new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

G. P. Adams, for Thornton Fitzhugh, Appellant and Respondent.

Johnstone Jones, for John A. Mason, Respondent and Appellant.

SMITH, J.—The plaintiff is an architect and brings this suit for the breach of an alleged contract of employment by the defendants. On May 5, 1903, the court made the following order: "Findings ordered in favor of the plaintiff. Damages will be fixed at the sum of $700." The findings and judgment were filed February 2, 1904, and judgment thereon entered for plaintiff in the sum of $700; from which, and an order denying his motion for a new trial, he and the defendant Mason each appeal.

The allegations of the complaint as to the contract are, in effect: That during the month of October, 1901, the defendants entered into negotiations with plaintiff, which continued until about the eighteenth day of November, 1904, and resulted in a contract, whereby "the defendants employed plaintiff to act as architect for them in the erection and construction by them, in the city of Los Angeles," etc., "of an opera-house and an eight or ten story building, *and agreed to pay him five per cent on the cost price thereof,* and his traveling expenses for his services as such architect"; that the cost of said buildings as contemplated by said defendants at the time of said agreement would be not less than $300,000; that plaintiff performed certain services under the contract, and was not only ready and willing to carry it out, but offered to do so to the defendants, who refused to carry out the terms of the agreement, or to pay the plaintiff therefor; and that plaintiff's compensation as architect under the said agreement would amount to $15,000, and his damages, by reason of the breach, to the like sum. The court finds the contract as set out in the complaint; but further finds *"that the cost of said building, as contemplated by said defendants at .the time of said agreement, was not definitely determined, and defendants did not agree that the building should cost any certain sum."* It is further found: That the plaintiff offered to perform; that at that time he had not obtained a certificate from the state board of architecture under the act of March 23, 1901 (Stats. 1901, p. 641,

c. 212) ; that the defendants refused to carry out the agree-
ment; that the opera-house, as contemplated by the defend-
ants and subsequently modified by them, was constructed
by the defendant Mason, after the commencement of this ac-
tion, "at a cost of more than $130,000"; and that the plain-
tiff was damaged in the sum of $700.  The only specification
made by the plaintiff is that the evidence is insufficient to
justify the finding italicized.  But we think this finding is
fully supported by the evidence.

Other points urged by the plaintiff appellant are: That,
on the evidence, he was entitled to damages in the sum of
$13,590—being the amount claimed by him in the complaint
($15,000), less his earnings and estimated expenses, as shown
by his testimony; and that upon the findings he was entitled
at least to five per cent on the actual cost of the building
put up by Mason, $130,000, less his earnings and estimated
expenses.  But with reference to the former point it is suffi-
cient to say that the finding as to damage is not attacked
in the plaintiff's specifications of insufficiency.  The second
point is also untenable: First, because there is no finding as
to the earnings of plaintiff, or his probable expenses, in car-
rying out the contract (*Cederberg* v. *Robison,* 100 Cal. 93,
[34 Pac. 625]) ; and also because we are of the opinion—for
reasons that will be given in the sequel—that under the con-
tract proven and found he was not entitled to the sum claimed.

The points urged by the defendant appellant are: 1. That
the demurrer to the complaint should have been sustained;
2. That the finding as to the contract was not justified by
the evidence; 3. That the contract, if any, was illegal and
void; and 4. That the suit should have been dismissed for
failure of plaintiff to demand judgment within six months
after the order for findings.  The last point is obviously un-
tenable.  It was in the discretion of the court to dismiss the
action or not to do so.  (Code Civ. Proc., sec. 581, subd.
6.)  The third point is also untenable.  By the act of March
23, 1901, "to regulate the practice of architecture," it is
made a misdemeanor "for any person to practice architec-
ture without a certificate in this state"; and hence, in order
to carry out the contract, it would have been necessary for the
plaintiff to take out his certificate.  But we can see no rea-
son why it should be held that a contract made in advance
of the issue of a certificate should be void.

As to the other points of the appellant defendant, which will be considered together, we are of the opinion that the evidence was sufficient to justify the finding that the plaintiff was employed by the defendants. But we are also of the opinion that the evidence did not establish the allegation of the complaint that defendants agreed to pay plaintiff five per cent on the contemplated cost of the building, or justify the finding of the court to that effect. In the plaintiff's letter of November 2, 1901, to the defendant Eaton—the last from him in the correspondence—he states certain conditions upon which he would accept employment, and in this letter occurs the following clause: "You are doubtless posted on regular fees for architectural services. Full services, 5 per cent. Drawings and specifications, 3 per cent"—and it is added: "I will await your answer anxiously and act promptly, if you can give me the work on the conditions named, which, as I am situated, are the only conditions I can accept." There was no express acceptance of the terms named, or agreement with reference thereto; but on November 13th, in response apparently to a telegram from the plaintiff, a draft for $375, for certain expenses, was forwarded to him by the defendants, and at the same time a letter written requesting him to start for Los Angeles as soon as possible, and on his way to make certain investigations as to buildings, etc., in Chicago, which closed the correspondence. We do not regard the allusion to fees in the letter of plaintiff as constituting one of the terms of the contract, but simply as stating the regular fees charged by architects for services, which were doubtless already known to the defendants. From this, an agreement might be inferred that the defendants would pay the regular fees. But there is no evidence in the case as to when, according to the custom of trade, such fees should become due, and, in the absence of such evidence, it is reasonable to suppose that the employer would be liable for them only upon completed work; and that, in the absence of an explicit contract to the contrary, he would be at liberty to discontinue the work at his option, paying the architect for services rendered and expenses incurred. (Civ. Code, secs. 1643, 1655-1656.) We are of the opinion, therefore, that the finding of the court upon this point was not sustained by the evidence. But as

the decision of the court does not rest upon this finding, but on the finding as to damages in the sum of $700—which is not attacked in the defendant appellant's specifications—we are also of the opinion that the error is immaterial.

For the reasons given, it is also clear that the facts alleged in the complaint are insufficient to show an indebtedness to plaintiff in the sum of $15,000, or damages in that amount; but the complaint is sufficient to show an employment, and to justify the finding of the court that plaintiff was injured in the amount found.

For these reasons, the judgment and the order appealed from are affirmed.

Gray, P. J., and Allen, J., concurred.