[S. F. No. 6813.　Department Two.—December 15, 1915.]

# W. E. FITES, Respondent, v. GEORGE T. MARSH et al., Appellants.

CONTRACT—REPURCHASE OF CORPORATE STOCK—FORFEITURE OF CORPO-
RATE FRANCHISE.—A seller of stock in a corporation, who agrees
to repurchase it at a stated price within a fixed period, at the
option of the purchaser, is bound by his contract, notwithstanding
the corporation, at the time of the sale, had forfeited its charter
and corporate franchise because of its failure to pay the corpora-
tion license tax, if he knew of such forfeiture at the time of enter-
ing into the contract, but represented to the purchaser that the
corporation had a legal existence and had paid the tax, and the
purchaser did not know of the forfeiture and relied on the repre-
sentations of the seller.

ID.—PRESUMPTION—PERFORMANCE OF CONTRACT IN LEGAL MANNER.—
Where a contract can be performed legally, it will not be presumed
that the parties intended to perform it in an illegal manner.

APPEAL from an order of the Superior Court of the City
and County of San Francisco refusing a new trial.　George
A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

J. L. Geary, Jr., for Appellants.

Arnold W. Liechti, for Respondent.

HENSHAW, J.—Plaintiff entered into a written contract
with the defendants whereby he agreed to purchase five thou-
sand shares of the treasury stock of the George C. Bornemann
Company for the sum of two thousand five hundred dollars,
and the defendants in turn agreed that at any time within
five years, at the option of plaintiff, they would purchase
from him the five thousand shares of stock for the sum of
two thousand five hundred dollars, with interest at six per
cent.　For their refusal so to purchase upon demand plain-
tiff brought this action.　Judgment passed for plaintiff under
findings declaring a full compliance by him with the terms
of his contract and the failure and refusal of the defendants
to perform theirs.

This contract was entered into and the stock issued in 1909. It was made to appear that in November, 1907, the George C. Bornemann Company, a corporation, forfeited its charter and corporate franchise because of its failure to pay the corporation license tax, but that during all of the times mentioned in the complaint and up to the first day of January, 1911, the company continued in business and conducted business in the city and county of San Francisco; that the defendants at the time they entered into the contract with plaintiff knew that the corporation had forfeited its charter and corporate franchise; that defendant Bornemann represented to the plaintiff that the corporation was a valid, subsisting corporation and had paid its corporation license tax, and that the plaintiff did not know that the corporation had forfeited its franchise, and believed and relied upon the representations so made by Bornemann.

Appellant first argues that the contract between these parties was against the express mandate of the law, and therefore void in that they undertook to deal with the corporate stock of a corporation which had forfeited its right to conduct a corporate business. But it is to be noted that this contract was not with the corporation, and neither by its terms nor by fair implication did it contemplate, much less involve, the doing of any illegal act by the legally defunct George C. Bornemann Company. And so far as the parties to the contract are concerned, it is expressly found that the plaintiff was told and believed that the corporation had a legal existence. It will be assumed in favor of defendants that they did not contemplate the perpetration of a deliberate fraud upon plaintiff, but did propose to revivify the corporation, as they could easily and legally have done by the payment of the delinquent license tax. Whichever view of this appellants may desire to have adopted will result simply in changing the basis of recovery and not the right of recovery. For plaintiff founds his action upon the terms of the contract itself, which terms are as above set forth, and also claims damages for the breach of the contract. It is the universal presumption of law that where a contract can be performed legally, it will not be presumed that the parties intended to perform it in an illegal manner. (*Bentley* v. *Hurlburt,* 153 Cal. 796, 801, [96 Pac. 890] ; *Burne* v. *Lee,* 156 Cal. 221, [104 Pac. 438] ; *Fitzhugh* v. *Mason,* 2 Cal. App. 220, [83 Pac.

282]; *Fox* v. *Rogers*, 171 Mass. 546, [50 N. E. 1041, 15 Cyc. 938].) The very issuance of stock to the plaintiff was a representation that the corporation had a legal existence (*Windram* v. *French*, 151 Mass. 547, [8 L. R. A. 750, 24 N. E. 914]), and whatever may have been the intent of these defendants, it is quite plain that plaintiff was innocent of any design of wrongdoing. And finally upon this proposition, it may be said that however worthless in fact the certificates of stock of this defunct corporation which were issued to plaintiff were, nevertheless defendants' contract was to buy those certificates, whatever their value or lack of value, upon demand of plaintiff, and if they were worthless paper, under the circumstances here shown it was as much their duty to perform their contract as though the certificates were of the value which they agreed to pay for them.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.