(July 12, 1917.)

## JOHN ZIMMERMAN, Respondent, *v.* C. W. BROWN and W. S. WOOD, Appellants.

### [166 Pac. 924.]

Usury — Conflict of Laws — Contract in Violation of Statutes — Validity.

    1. When a contract is usurious by the laws of the state wherein it was made, but not according to those of the state wherein it is to be performed, the parties will be presumed to have contracted with reference to the laws of the latter state, unless it appears that in fixing the place of payment there was bad faith or an intention to evade the usury laws of the former.

    2. Where a statute prescribes a license, or certificate, as a requisite to engaging in business, and where such is required for public protection or is a police regulation and not for revenue purposes only, a contract made in violation thereof is invalid and no recovery can be based thereon.

    3. The law of 1909 (Sess. Laws 1909, p. 211, as amended by Sess. Laws 1913, p. 550) regulating the use and sale of stallions, was not passed for the purpose of raising revenue, but is a police regulation designed to protect those who purchase the services of or buy stallions.

[As to what transactions are usurious, see notes in 81 **Am. Dec.** 736; 46 **Am. St.** 178.]

---

The question of presumption of law of other state as to usury, see note in 21 **L. R. A.** 471; 67 **L. R. A.** 60.

On conflict of laws as to usury, see notes in 62 **L. R. A.** 33; **L. R. A.** 1916D, 750.

On validity of contract in business which it is a misdemeanor to transact, see comprehensive note in 12 **L. R. A., N. S.,** 617.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Action ᴏᴎ promissory note. Judgment for plaintiff. *Reversed.*

Roy O. Johnson and James H. Forney, for Appellants.

A contract for services rendered, or goods sold, in violation of a statute which forbids, under penalty or otherwise, the carrying on of the particular business without a license, is void. (*Harrison v. Jones*, 80 Ala. 412; *Dudley v. Collier*, 87 Ala. 431, 13 Am. St. 55, 6 So. 304; *Hill v. Mitchell*, 25 Ga. 704; *Buckley v. Humason*, 50 Minn. 195, 36 Am. St. 637, 52 N. W. 385, 16 L. R. A. 423.)

When a statute requires persons engaging in a particular business to be licensed for the protection of the public, and not for public revenue only, the imposition of a penalty amounts to a positive prohibition of contracts made contrary to the statute. (*Taliaferro v. Moffert*, 54 Ga. 150; *Randall v. Tuell*, 89 Me. 443, 36 Atl. 910, 38 L. R. A. 143.)

Where a statute imposes a penalty for a failure to comply with its provisions, it is to be construed as prohibitory, and contracts made in direct contravention of its requirements are unlawful and void. (*Miller v. Post*, 1 Allen (Mass.), 434; *Sawyer v. Smith*, 109 Mass. 220; *Prescott v. Battersby*, 119 Mass. 285; *Johnson v. Hulings*, 103 Pa. St. 498, 49 Am. Rep. 131; *Hustis v. Pickands*, 27 Ill. 270; *Tedrick v. Hiner*, 61 Ill. 189; *Gardner v. Tatum*, 81 Cal. 370, 22 Pac. 880; *Stevenson v. Ewing*, 87 Tenn. 46, 9 S. W. 230.)

The validity of promissory notes is controlled by the law of the place where the notes are executed, and not where they are payable. (*Orr's Admr. v. Orr*, 157 Ky. 570, 163 S. W. 757; *Joslin v. Miller*, 14 Neb. 91, 15 N. W. 214; *Sheldon v. Haxtun*, 91 N. Y. 124; *Kilgore v. Dempsey*, 25 Ohio St. 413, 18 Am. Rep. 306.)

If a note is void for usury where made it will be void everywhere, although it may have been made payable elsewhere as a cover for the usury. (*Vermont Loan & Trust Co. v. Hoff-*

*man*, 5 Ida. 376, 95 Am. St. 186, 49 Pac. 314, 37 L. R. A. 509; *Ocobock v. Nixon*, 6 Ida. 552, 57 Pac. 309; *Cleveland v. Western Loan etc. Co.*, 7 Ida. 477, 63 Pac. 885; *State v. Eves*, 6 Ida. 144, 53 Pac. 543.)

A. H. Oversmith, for Respondent.

"When a statutory prohibition is found in a statute enacted for the purpose of raising revenue or the regulation of traffic or business, unless it is manifestly the intention of the statute to make the contract void, the court will hold the contract as valid." (*Vermont Loan & Trust Co. v. Hoffman*, 5 Ida. 376, 95 Am. St. 186, 49 Pac. 314, 37 L. R. A. 509; Sutherland on Statutory Construction, sec. 366; *Hughes v. Snell*, 28 Okl. 828, Ann. Cas. 1912D, 374, 115 Pac. 1105, 34 L. R. A., N. S., 1133; *Dinkelspeel v. O'Day*, 47 Utah, 18, 151 Pac. 344; *Lane v. Henry*, 80 Wash. 172, 141 Pac. 365; *Larned v. Andrews*, 106 Mass. 435, 437, 8 Am. Rep. 346; *Mandlebaum v. Gregovich*, 17 Nev. 87, 45 Am. Rep. 433, 28 Pac. 121; *Harris v. Runnels*, 12 How. 79, 13 L. ed. 901; *Kern v. Feller*, 70 Or. 140, 140 Pac. 735.)

"Where a note made in one jurisdiction is payable in another, it bears interest according to the lawful rate in the place where it is payable, unless a different rate is specified in the contract." (8 Cyc. 312, and cases cited under footnote 84; Randolph on Com. Paper, par. 31; 2 Parsons on Bills and Notes, p. 324; Daniels on Neg. Inst., par. 879; *Sykes v. Citizens' Nat. Bank*, 78 Kan. 688, 98 Pac. 206, 19 L. R. A., N. S., 665.)

The problem of determining what law shall govern in deciding whether or not the contract is usurious is largely one of ascertaining what law the parties had in mind as fixing their rights under the contract. The intent of the parties is therefore usually the cardinal factor. (39 Cyc. 891–898; *Baxter v. Beckwith*, 25 Colo. App. 322, 137 Pac. 901.)

Unless there is an intent to evade the usury laws, the law of the state where the note is payable will govern. (*Crawford v. Seattle R. & S. Ry. Co.*, 86 Wash. 628, 150 Pac. 1155, L. R. A. 1916D, 732.)

Parties in their contracts will be presumed to have used language effectuating a lawful rather than an unlawful purpose. (*Beasley v. Aberdeen & R. R. Co.,* 145 N. C. 272, 59 S. E. 60.)

MORGAN, J.—This action was instituted by respondent upon a promissory note made, executed and delivered to him by appellants for the sum of $425. The note provided for interest at the rate of 8% per annum, was payable at Wilbur, Washington, and further provided that "if not paid when due the interest to be added to and become a part of the principal, and the whole sum of both principal and interest to bear interest thereafter at 12% per annum." In an affirmative answer and cross-complaint appellants alleged an agreement between themselves and respondent to purchase a stallion, and that in consideration of the sale and delivery of it they executed and delivered the note above set forth; that at the time of the sale respondent had never procured any license to sell or dispose of the animal; that he had never had it passed upon by the state veterinary surgeon and had failed to post, in a conspicuous place on the main door leading into the stable where it was kept, or offered, for sale any certificate, or license, as provided by the laws of this state, and that therefore the contract was void. They prayed for judgment in the sum of $875, claimed by them to have been expended in the feeding and upkeep of the stallion. Respondent filed a demurrer to the affirmative answer and cross-complaint, which was sustained.

It is contended by appellants that the note is usurious. The parties stipulated that it was given at Lewiston, Idaho, and that the negotiations leading up to the sale were also made at that place; that the laws of the state of Washington permit the recovery of compound interest and that under such laws the note is not usurious.

The court made and entered findings and rendered judgment in favor of respondent, as prayed for in his complaint. This appeal is from that judgment. The order sustaining the demurrer to the answer and cross-complaint is assigned as

error, as is also the action of the court in entering the judgment and in failing to adjudge the note to be usurious.

Sec. 1539, Rev. Codes, prohibits compound interest, and if the note in question is to be governed by the laws of Idaho, it is clearly usurious, but the statutes of the state of Washington permit the collection of such interest. The question then arises: Under the statutes of which state must we test the note?

By the great weight of authority it is held that, in a case like the present one, every presumption is against an intention to violate the law, so that where notes are executed in one state and payable in another, the parties will be presumed to have contracted with reference to the law of the place where the transaction would be valid rather than in view of the law by which it would be illegal, provided, however, that there is no evidence of bad faith or of an intention to evade the usury law of the latter state. Therefore, when a contract is usurious by the law of the state wherein it was made, but not according to that of the state wherein it is to be performed, the parties will be presumed to have contracted with reference to the law of the latter state and the contract will be upheld, subject to the conditions of good faith just set forth. (39 Cyc. 899, 900; *Green v. Northwestern Trust Co.,* 128 Minn. 30, 150 N. W. 229, L. R. A. 1916D, 739; *Campbell v. Hunt,* 60 Pa. Super. 332; *Brownell v. Freese,* 35 N. J. L. 285, 10 Am. Rep. 239; *Baxter v. Beckwith,* 25 Colo. App. 322, 137 Pac. 901; *Dickinson v. Edwards,* 77 N. Y. 573, 33 Am. Rep. 671; *Brown v. Gates,* 120 Wis. 349, 1 Ann. Cas. 85, 97 N. W. 221, 98 N. W. 205; *British & American Mtg. Co. v. Bates,* 58 S. C. 551, 36 S. E. 917; *Crawford v. Seattle R. & S. R. Co.,* 86 Wash. 628, 150 Pac. 1155, L. R. A. 1916D, 732.)

The note in question, although made and executed in Idaho, was made payable in the state of Washington, and the fact that it purported to be dated at Wilbur, Washington, shows an intention of the parties that the contract was entered into in view of the laws of that state, and, since there is neither allegation nor proof of bad faith or of an effort to evade the usury laws of this state, the note is not to be deemed usurious.

This case is distinguishable from that of *Vermont Loan &
Trust Co. v. Hoffman*, 5 Ida. 376, 95 Am. St. 186, 49 Pac.
314, 37 L. R. A. 509, cited by appellant, by the fact that it
was held, in the latter case, that the provision in the note
specifying the place of payment without the state of Idaho
was made to evade our usury laws.

The other question presented is whether or not the contract
of sale is void by reason of the failure of respondent to ob-
serve the laws relative to the sale and use of stallions.

Sess. Laws 1909, p. 211, as amended by Sess. Laws 1913,
p. 550, in substance, provides, among other things, that any
person owning a stallion within the state, or bringing it into
the state, must, before standing it for public service or offer-
ing it for sale, have it examined by the state veterinary sur-
geon, whose findings must be reported to the livestock sanitary
board. In the event the animal is found to not be afflicted
with one or more of certain diseases named in the act, it is
the duty of the board to issue a license certificate indicating
what defects, if any, it possesses and whether or not it is pedi-
greed, or subject to registration, and authorizing that it be
stood for public service or sold within the state of Idaho. The
act further provides that the certificate must be recorded in
the office of the county recorder of the county wherein the
animal is kept for public service or offered for sale, and that
while it is so kept or is for sale, the owner must keep a copy
of the certificate in a conspicuous place on the door of the
building where it is stabled. The penalty prescribed for the
noncompliance with these provisions is a fine not exceeding
$600 or imprisonment in the county jail not to exceed one
year, or both such fine and imprisonment. The statute ex-
pressly terms such an offense a felony.

A statute prohibiting the making of contracts, except in a
certain manner *ipso facto* makes them void if made in any
other way. (9 Cyc. 476.) Where a license is prescribed by
statute not as a revenue measure, but for the protection of
the public, as a requisite to a particular trade or business,
such as that of the keeper of a stallion, contracts violative

thereof because of lack of the license are void. (9 Cyc. 478; *Levinson v. Boas,* 150 Cal. 185, 11 Ann. Cas. 661, 88 Pac. 825, 12 L. R. A., N. S., 575; *Smith v. Robertson,* 106 Ky. 472, 50 S. W. 852, 45 L. R. A. 510; *Randall v. Tuell,* 89 Me. 443, 36 Atl. 910, 38 L. R. A. 143; *Buckley v. Humason,* 50 Minn. 195, 36 Am. St. 637, 52 N. W. 385, 16 L. R. A. 423.)

"The rule is that where a statute prohibits and makes it highly penal for any person to pursue a given business or calling without having previously obtained a. license, such person cannot recover for his services performed while pursuing such business or calling, notwithstanding a contract providing therefor." (25 Cyc. 633.)

There can be no doubt that the statute in question was passed, not for the mere purpose of raising revenue, although it does provide for license fees, but as a public regulation designed to protect those who purchase the services of or buy stallions. It is clearly meant to insure the buyer an animal free from the defects and diseases mentioned in the statute and one able to answer the purposes for which it was sold. Hence, it comes squarely within the rule stated in the above-cited cases.

In the case of *Vermont Loan & Trust Co. v. Hoffman, supra,* this court held that statutes providing that one engaged in loaning money at interest must pay a license tax before commencing business, and prescribing a penalty for failure so to do, was for revenue purposes and to regulate business, not to prohibit it altogether, and hence a contract entered into by a person failing to comply therewith was not invalid. This case is to be distinguished from that, in that the statute here in question is not for revenue purposes, but is intended to prohibit any sale of stallions afflicted with certain diseases and of others until the owner complies with its provisions. The demurrer to the answer and cross-complaint should not, therefore, have been sustained.

The question of the right of appellants to recover for the feeding and upkeep of the horse has not been briefed nor argued, and no decision thereof will be rendered at this time.

The judgment is reversed and the cause remanded, with directions to overrule the demurrer and for a trial of the issues framed by the pleadings.    Costs are awarded to appellants.

Budge, C. J., and Rice, J., concur.