(July 1, 1924.)

S. METZ, H. E. METZ, J. L. METZ and M. C. METZ, Co-partners Doing Business Under the Firm Name and Style of S. METZ & SONS, Appellants, v. S. H. JONES and E. C. JONES, Respondents.

[227 Pac. 591.]

CONTRACT IN VIOLATION OF STATUTES—VALIDITY—PROMISSORY NOTE.

A contract for the sale of a jack made before the issuance of the required license by the department of agriculture is void, and a note given for the purchase price thereof prior to the issuance of the license is unenforceable.

APPEAL from the District Court of the Fourth Judicial District, for Gooding County. Hon. Henry F. Ensign, Judge.

Action on a promissory note. Judgment for defendants. *Affirmed.*

W. T. Stafford, for Appellants, files no brief.

James & Ryan, for Respondents.

A note executed by the purchaser of a stallion or jack prior to the issuance of the license required by C. S., sec. 1887, in payment of said animal is invalid and unenforceable. (*Zimmerman v. Brown,* 30 Ida. 640, 166 Pac. 924.)

The fact that the owner of the jack had prior to his sale had the jack examined by the proper officials and paid the fee for the certificate does not authorize or validate a sale of the jack to a third party. (*Wood v. Armstrong,* 54 Ala. 150, 25 Am. Rep. 671.)

A license takes effect as of the date of its delivery. (25 Cyc. 623; *State v. Pate,* 67 Mo. 488; *Elsberry v. State,* 52 Ala. 8.)

WM. E. LEE, J.—This action was instituted to obtain a judgment upon a promissory note. At the conclusion of the evidence the court took the case from the jury and made and entered judgment dismissing the action and directing that defendants recover their costs. It is from this judg-ment that this appeal was taken. On April 12, 1920, appellants were owners of a certain jack which they had examined by a deputy director of animal industry. Thereafter, on April 15, 1920, appellants sold and delivered the jack to respondents, and on the same day, in payment of the purchase price of the jack, respondents made, executed and delivered to appellants their promissory note upon which this action was based. As soon as the sale had been effected appellants telephoned to the deputy director of the bureau of animal industry of the department of agriculture, who examined the jack, and requested him to have issued the license required by the statute in the name of respondents. It is admitted that the license was not issued until the 20th day of April, 1920, which was five days after the sale. C. S., sec. 1887, provides that:

"Every person owning or bringing into the state a stallion or jack must procure a license from the department of agriculture before standing or using such animal for public service or before offering to sell or otherwise dispose of the same."

One of the defenses interposed was that at the time of the sale appellants had failed to procure a license for the use or sale of the jack, and that the contract of sale and note given in payment of the animal were void. We must sustain these contentions. A contract for the sale of a jack made before the issuance of the required license by the department of agriculture is void, and a note given for the purchase price thereof prior to the issuance of the license is unenforceable.

It was held in *Zimmerman v. Brown*, 30 Ida. 640, 166 Pac. 924, that a recovery could not be had upon a note given in payment of a stallion where the required license for the sale of the animal had not been issued; and upon

the authority of that case the judgment of the lower court is affirmed.  Costs to respondents.

McCarthy, C. J., and Budge and William A. Lee, JJ., concur.