(No. 5289.   October 11, 1929.)

C. E. GORANSON, Appellant, v. BRADY–McGOWAN
COMPANY, Respondent.

[281 Pac. 370.]

F. M. Bistline, for Appellant.

262

H. R. Turner, for Respondent.

GIVENS, J.—In appellant's suit for collection of an item for the Pocatello Title and Abstract Company, respondent urged as one of his defenses, it being unnecessary by reason of the conclusion reached herein to consider the other, that appellant was conducting a collection agency and had not complied with C. S., chap. 114.

Both sides moved for a directed verdict; hence the question is whether there is evidence to sustain the conclusion of the trial court. (*McCall v. First National Bank,* 47 Ida. 519, 277 Pac. 562.) The evidence shows without real conflict that the account was assigned for collection only and that appellant had not complied with C. S., chap. 114. This chapter prohibits individuals, firms or members of a partnership from operating a collection business unless they have complied with the law. Therefore, though appellant be considered as acting in this instance as an individual and not as a member of his collection firm, he was under the ban of the statute.

Appellant urges that he was acting as a clerk for a lawyer in handling this collection. There was no proof or offer of proof to this effect. (*Herring v. Davis,* 47 Ida. 211, 273 Pac. 757.)

The statute is mandatory and makes it a criminal offense not to comply with it. Hence we conclude that the trial court was correct in deciding that appellant could not maintain this action. This conclusion is in harmony with hold-

ings of this court on analogous questions. (*Zimmerman v. Brown*, 30 Ida. 640, 166 Pac. 924; *Metz v. Jones*, 39 Ida. 330, 227 Pac. 591; *Ashley & Rumelin v. Brady*, 41 Ida. 160, 238 Pac. 314; *McKinley v. Javan Mines Co.*, 42 Ida. 770, 248 Pac. 473; see, also, *Payne v. DeVaughn*, 77 Cal. App. 399, 246 Pac. 1069.)

Compliance with and enforcement of the statute is as effectively accomplished by not allowing an unauthorized party to carry on the collection business or sue in connection therewith as to not allow such person to collect compensation therefor after the services have been rendered.

The judgment is affirmed. Costs awarded to respondent.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.

Petition for rehearing denied.