**MAXFIELD, Appellant v BRESSLER, Appellee.**

Ohio Appeals, 1st District, Hamilton County.

No. 6178.   Decided November 23, 1942.

William J. Wise, Cincinnati and L. W. Scott, for appellant.
LeBlond, Morrissey, Terry & Gilday, Cincinnati and Fred L. Hoffman, Cincinnati, for appellee.

## OPINION

By ROSS, J.

The plaintiff brought suit in the Municipal Court of Cincinnati, to recover an agreed compensation for drawing and furnishing the defendant plans and specifications covering the erection of a theater building.

The defense was a general denial and separate claim that the plaintiff was not licensed to perform services as an architect in the State of Kentucky, where it is alleged the theater was to be erected. A counter-claim for damages caused by alleged defective performance of the contract was also made.

Trial resulted in a judgment in favor of the defendant.

A considerable portion of the arguments and briefs is devoted to the contention that by reason of the Kentucky statute, the contract was unenforceable in Ohio courts.

The section of the laws of Kentucky involved are found in Carroll's Kentucky Statutes, 1936—numbered §§73-1 to 73-15.

Briefly stated, these statutes require that before any one act as an architect in Kentucky that a license shall be secured in a manner prescribed.

Section 73-5 provides in part:

"The Board, upon application of any person who is a citizen of the United States and at least twenty-one (21) years of age, shall issue a certificate as a Registered Architect or Architects without examination to any of the following: * * *

"(d) Any person who is a Registered Architect in another state or country where the qualifications prescribed at the time of such registration or certification were equal to those prescribed in the Commonwealth of Kentucky at the date of application and which state or country grants reciprocal registration privileges to holders of certificates in this Commonwealth."

Section 73-14 provides:

"Any person violating any of the provisions of this Act, shall be deemed guilty of a misdemeanor and upon conviction shall be fined not less than ten ($10.00) dollars, nor more than two hundred ($200.00) dollars or be imprisoned in the County Jail for a period of not less than one (1) month nor more than six (6) months, or both so fined and imprisoned in the discretion of the Court or Jury."

Nowhere in this Act, or in any other section we find is there any provision that a contract made for architectural services covering a building to be erected in Kentucky is void.

The Kentucky statutes involved are penal statutes and are to be strictly construed.

The following cases are dispositive of this situation. **Fischer-Liemann Construction Co. v Haase et, 64 Oh Ap, 473; Commercial Credit Co. v Schreyer, 128 Oh St, 568; Warren People's Market Co. v Corbett & Sons, 114 Oh St, 126.**

These cases hold that although a certain course of conduct may entail punishment, that, in the absence of language from which it may be clearly deduced that the legislature also intended contracts executed in violation of the statute to be void and unenforceable, such contracts may be enforced. The case of Board of Education, etc. v Elliott, 276 Ky., 790, to the contrary, is not controlling upon this court. It may be doubted also whether the plaintiff performed any act in Kentucky which would have made him amenable to Kentucky law.

It appears from the evidence that the contract was made in Ohio, between residents of Ohio. The plans were delivered in Kentucky. The architect examined the premises in Kentucky, and agreed to make visits to the premises during the work. He specifically refrained from contracting to supervise the work. The plans could have been used elsewhere than in Kentucky, although it is apparent they were designed for the erection of a building upon a certain lot in Kentucky.

Certainly, there is nothing in the Kentucky statutes which, giving the language used even a fair and reasonable construction could be considered as requiring that the instant contract under consideration should be held void and unenforceable.

An issue was made by the pleadings as to whether or not the contract was substantially performed by the plaintiff. The evidence on this point is conflicting, and the judgment could be sustained upon the basis that the trial court found against the plaintiff upon this point, were it not for the statement of the trial court which appears in the record:

"THE COURT: Gentlemen, this is a rather difficult matter. I feel this way, that the plaintiff in this case proceeded in good faith intending to fully perform the contract. And in the preparation of these plans and specifications and completing the work in all the essential respect, he would be entitled to recover. I guess I shouldn't say that  That is the way I feel about it. These people did accept the plans and as the general contractor testified, worked over them and the plans were substantially correct.

"But we are met with this other situation raised by his motion and by the pleadings. I am inclined to believe that you must therefore conclude that the motion is well taken. I am inclined to believe that Mr. Maxfield could not prosecute this suit in Kentucky, and the contract does provide that the building is to be erected in Ken-

tucky. It also provides for four trips in Kentucky of supervisory nature, and it is strictly one of personal service. As I now see that, most of the states are erecting a wall around these different professions, and I will have to grant the motion. And the defendant's cross pill, if you want a ruling on that—

MR. HOFFMANN: We will dismiss that without prejudice.

THE COURT: It is dismissed."

(Thereupon the case was closed).

The journal entry is silent as to the ground of the judgment. It is true the trial court as all others speaks only through the journal entry, and yet it would seem to be a species of injustice to here hold the trial court had held against the plaintiff upon the issue of performance, when in the record appears conclusive proof that it did not, but, on the contrary, disposed of the case upon what is shown to be an erroneous hypothesis of law.

For these reasons, it appears that deference to the demands of substantial justice requires that the judgment be reversed and the case remanded to the Municipal Court of Cincinnati for trial upon the issues presented by the pleadings freed from the error intervening in the first trial to the prejudice of the plaintiff

A judgment may be presented reversing the judgment of the Municipal Court of Cincinnati and for a new trial.

MATTHEWS, P. J., and HAMILTON, J., concur.