290 P.2d 213

Cecil W. JOHNSON, Plaintiff-appellant,

v.

Jack DELANE, Wanda Delane, Richard Butler, John V. Schwager, Marion Schwager, and Goldie Du Crest, Defendants-respondents.

No. 8344.

Supreme Court of Idaho.

Nov. 16, 1955.

Rehearing Denied Dec. 12, 1955.

Alvin Denman and Alvin L. Denman, Idaho Falls, for appellant.

C. V. Boyatt, Arco, J. Lael Simmons, Seattle, Wash., for respondents.

PORTER, Justice.

In the year 1949 plaintiff resided in Bremerton, Washington. He was a licensed professional engineer and was prac-

ticing his profession in the State of Washington. His former home was at Shoshone, Idaho. In the latter part of May, 1949, while on vacation in Southern Idaho, he made a social call upon respondent, Jack Delane, in Arco, the two men being former classmates in the Shoshone schools. During the course of their visit, respondent Delane told appellant that respondent Delane and his partner, respondent Butler, were planning to erect a commercial building in Arco. And appellant told about his life and schooling and his work at Bremerton including his business of preparing plans and specifications for buildings.

The following day respondents Delane and Butler and appellant met in the Arco Hotel. Delane suggested that appellant might do the work of preparing plans and specifications for the proposed building but that the partners were short of cash and there would have to be some delay in payment for such work. Appellant was advised by such respondents as to the kind and type of building they desired to erect. Appellant agreed to prepare such plans and specifications in Washington. Appellant did not agree to supervise the construction of the building; or to do anything in connection with the construction thereof except prepare the plans and specifications.

Appellant returned to Bremerton, Washington, and prepared or caused to be prepared plans and specifications for the building which respondents Delane and Butler desired to construct. On July 2, 1949, appellant returned to Arco with such plans and specifications and delivered the same to such respondents. Respondents, Jack Delane, Wanda Delane and Richard Butler, thereupon executed and delivered to appellant as part compensation for the services of appellant a promissory note in the sum of $4,700 due two years after date and bearing interest at 2 percent per annum. To secure such note such respondents executed a real estate mortgage on the premises upon which the building in question was to be constructed. At the same time such respondents executed and delivered to appellant as additional compensation, a promissory note in the sum of $1600 due two years after date and bearing interest at 3 percent per annum. This note was likewise secured by a mortgage upon the premises. Both promissory notes were made payable at Seattle, Washington.

Respondents Delane and Butler used the plans and specifications in the construction of their building. There was no objection that the plans and specifications were not proper and adequate for the purpose for which they were designed. For some reason not appearing in the record, respondents Delane and Butler did not fully complete the construction of the building.

The promissory notes not having been paid, this action was commenced to collect the same and to foreclose the real estate mortgages securing such notes. Respondents, Jack Delane and Wanda Delane, his wife, and Richard Butler and Goldie

Du Crest, his former wife, answered setting up two defenses: One, that the consideration for the notes and mortgages was illegal and that the same were void for the reason that appellant was not a duly licensed architect in the State of Idaho at the time the contract was made and the work done; two, that the price charged for the services rendered by appellant was unconscionable. Respondents, John V. Schwager and Marion Schwager, by their cross-complaint, claimed some interest in the property by virtue of an attachment thereon.

Trial was had before the court sitting without a jury. Appellant admitted he was neither a licensed architect nor a licensed or registered professional engineer in the State of Idaho at the time involved. Judgment was entered for defendants. The cross-complaint of the Schwagers was not supported by any evidence and was dismissed. The trial court made no finding and there was no evidence to support a finding that the price charged by appellant was unconscionable. It was the result of the agreement of the parties and appears to be in line with the customary charges for such services. Neither was there any pleading or finding of fraud upon the part of appellant consisting of misrepresentation that he was an architect. The trial court's judgment was based entirely upon the finding of fact that appellant was not a duly licensed architect in the State of Idaho under the provisions of Chapter 3, Title 54, I.C., nor a duly licensed professional engineer in the State of Idaho under the provisions of Chapter 12, Title 54, I.C., the court concluding therefrom that the work done by plaintiff was illegal and could not constitute valuable consideration for the promissory notes and mortgages in question.

Section 54-309, I.C., in part is as follows:

"Any person who shall be engaged by others in the planning or supervision of the erection, enlargement or alteration of buildings to be constructed by other persons than himself or employees shall be regarded as an architect within the provisions of this chapter, and shall be held to comply with the same; * *."

Section 54-1202, I.C., reads in part as follows:

"As used in this act, unless the context or subject-matter requires otherwise:

*    *    *    *    *    *

"(b) Engineering and Professional Engineering. The terms 'engineering' and 'professional engineering' include any professional service, such as consultation, investigation, evaluation, *planning, designing,* land surveying, construction, or responsible supervision of construction or operation, in connection with any public or private utilities, *structures, buildings,* * * *."
(Emphasis supplied.)

Appellant's first proposition is that the services of an architect were not required to prepare the plans and specifications for

the building in Arco, but that a professional engineer was qualified to render such service. He contends that the term "professional engineer" is a broader term than "architect" and that the professions of engineering and architecture overlap. That architecture deals generally with intricate and aesthetic designs. In Smith v. American Packing & Provision Co., 102 Utah 351, 130 P.2d 951, on page 957, the court said:

"These statutes relating to licensing of architects and the later enactment providing for licensing of professional engineers, clearly indicate by their definitions of terms that the two professions have certain functions which are common to each other. The statutory definitions of 'architecture', 'professional engineer' and 'professional engineering' indicate that the making of plans and designs as well as supervision of construction, are activities more or less common to both fields. It is only natural that these two professions which are related in some particulars, have at least some activities in common and to that degree overlap."

In Lehmann v. Dalis, 119 Cal.App. 2d 152, 259 P.2d 727, the court held that a civil engineer was entitled to be paid for his services in preparing plans and specifications for erection of a building and held that to the extent architectural services and civil engineering services overlap they may be rendered either by a licensed architect or a registered civil engineer. Under our statutes, the services rendered in preparing the plans and specifications for the building at Arco might properly be rendered by a professional engineer. The professional qualifications of appellant to prepare the plans and specifications were not challenged.

This jurisdiction has long adhered to the rule that where a license is prescribed by statute not as a revenue measure but for the protection of the public as a requisite to engaging in a particular trade or business, such as practicing architecture or professional engineering, and it is made penal to carry on such trade or business without a license, contracts violative of such statute because of lack of the license, are void; and recovery cannot be had by a person for his services performed while pursuing such business or calling notwithstanding a contract providing therefor. Vermont Loan & Trust Co. v. Hoffman, 5 Idaho 376, 49 P. 314, 37 L.R.A. 509, 95 Am.St.Rep. 186; Zimmerman v. Brown, 30 Idaho 640, 166 P. 924; Metz v. Jones, 39 Idaho 330, 227 P. 591; Ashley & Rumelin, Bankers v. Brady, 41 Idaho 160, 238 P. 314; McKinlay v. Javan Mines Co., 42 Idaho 770, 248 P. 473; Goranson v. Brady-McGowan Co., 48 Idaho 261, 281 P. 370; Allis-Chalmers Mfg. Co. v. Harris, 56 Idaho 769, 59 P.2d 345. See also Annotation 30 A.L.R. 834; Annotation 118 A.L.R. 646.

The determining question in this case is whether the acts of appellant, in entering into the contract at Arco, Idaho, to draw the plans and specifications for a building to be erected at Arco, such services to be performed and payment made therefor in the State of Washington, and in preparing such plans and specifications in Washington, was practicing professional engineering *in this state* without being registered in violation of Section 54–1222, I.C., reading in part as follows:

"Any person who shall practice, or offer to practice, professional engineering or land surveying in this state without being registered in accordance with the provisions of this act, * * * shall be guilty of a misdemeanor, * * *."

Appellant makes contention that the acts in this case constitute an isolated transaction not within the contemplation of Section 54–1222, I.C., and cites, among other authorities: Adjustment Bureau, etc., v. Conley, 44 Idaho 148, 255 P. 414; Portland Cattle Loan Co. v. Hansen Livestock & Feeding Co., 43 Idaho 343, 251 P. 1051; Smith v. American Packing & Provision Co., supra; Ressler v. Marks, 308 Pa. 205, 162 A. 666; Annotation 86 A.L.R. 640.

Appellant also contends that it being the intent of the parties that such contract should be performed by appellant in the State of Washington, where such contract would be valid, it does not fall within the terms of the Idaho statute. On this contention appellant cites: Zimmerman v. Brown, supra; 11 Am.Jur., Conflict of Laws, 404, sec. 119; 15 C.J.S., Conflict of Laws, § 11, p. 890; 17 C.J.S., Contracts, § 12, p. 342.

We shall not pursue appellant's contention of isolated transaction or contention that the contract was valid in Washington as we are of the opinion that the acts of appellant did not constitute practicing or offering to practice professional engineering in the State of Idaho. In Respess v. Rex Spinning Co., 191 N.C. 809, 133 S.E. 391, 393, a corporation employed certain certified public accountants residing in Georgia to audit the books of the corporation in North Carolina. The public accountants did not have the certificates required by the statute of North Carolina for practicing accounting. They went to North Carolina where they prepared an audit in the rough with pencil but returned to Georgia where they made up their report. The court held that such transaction was not practicing accounting within the State of North Carolina. The North Carolina court said:

"To practice a profession or to carry on a business usually signifies the regular pursuit of such profession or business as an occupation, to make a practice of it, or actively to engage in it customarily or habitually. * *

"In these circumstances we are of opinion that the plaintiffs did not prac-

tice or carry on the business of certified public accountants in this state within the meaning of the statutes. To carry on the business of a public accountant or to practice as a certified public accountant is much more than is implied in the series of detached acts done by the plaintiffs' representatives in acquiring information upon which to base their report."

In Bettilyon Home Builders Co. v. Philbrick, 31 Idaho 724, 175 P. 958, the plaintiff was a Utah corporation engaged in the real estate brokerage business. The defendants, at Salt Lake City, employed the plaintiff to secure a buyer for certain hotel property in American Falls, Idaho. A satisfactory buyer was secured in St. Anthony, Idaho. This court held that the contract having been made in Utah and the services for which compensation was sought having been performed in Utah, the plaintiff was not required to comply with the laws of Idaho governing a foreign corporation in order to maintain the action in this state.

In McGillivray v. Cronrath, 48 Idaho 97, 279 P. 613, the plaintiff was a licensed real estate broker in the State of Washington. The defendant listed with plaintiff for sale certain real property located in Idaho. In holding that the real estate broker could recover compensation for his services, this court said:

"Chapter 184, Laws of 1921, makes it unlawful for any person to act as a real estate broker *in this state* without first having obtained a license therefor. It also provides that no person engaged in the business or acting in the capacity of a real estate broker '*within this state*' shall bring or maintain any action in the courts for the collection of compensation for services as such broker without alleging and proving that such person was a duly licensed real estate broker. And it is contended that a judgment for a commission on the sale of real estate cannot be recovered without showing that the broker was duly licensed in this state.

"The purpose of the act is the regulation, etc., of the real estate brokerage business *in this state*. None of the acts specified, the doing of which constitutes the person so acting a real estate broker, were performed in this state. The listing of the property, the negotiations for its sale and its sale took place outside the state. The contract was made and performed and the commission earned in the state of Washington. Respondent therefore was not engaged as a real estate broker *in this state*. Chapter 184, Laws of 1921, has no application to a contract made and performed in another state for the payment of a commission for the sale of real estate in this state."

In the instant case while the contract was made in Idaho, it provided for the rendition of services in Washington; and all services were performed in Washington and not in the State of Idaho. It seems clear that if respondents had gone to Bremerton, Washington, and contracted for the preparation of the plans and specifications and the same had been drawn and prepared in Washington, appellant would be entitled to recover. Such a transaction would not involve practicing professional engineering "in this state". Maxfield v. Bressler, Ohio App., 55 N.E.2d 424. The fact that the contract in question was made in Idaho does not make it invalid or render the later performance of the engineering services in Washington the practicing of or offering to practice professional engineering "in this state". Fitzhugh v. Mason, 2 Cal.App. 220, 83 P. 282. The contract made and the acts performed by appellant do not fall within the provisions of Section 54–1222, I.C., and appellant is not barred by such section from recovering his compensation for his services.

The judgment of the trial court is reversed and the cause remanded with direction to enter judgment of foreclosure in favor of appellant. Costs to appellant.

TAYLOR, C. J., and KEETON and SMITH, JJ., concur.

ANDERSON, J., dissents.