ANDREWS, Judge.
This is an appeal by defendant, John F. Gaisford, from a final summary judgment entered in favor of the plaintiff, Perry Neuschatz.
In March 1962 the plaintiff, an architect licensed to do business in California and Arizona but not licensed to practice architecture in Florida, was contacted in Phoenix, Arizona, by the defendant who sought to negotiate a contract of professional employment.
*636 The negotiations eventually resulted in the execution of a contract in Florida whereby plaintiff agreed to prepare plans and specifications for a motel to be erected at Eau Gallie, Florida, for the defendant. In November 1962 plaintiff was issued a certificate to practice as an architect in Florida in accordance with the provisions of F.S.A. § 467.11. Prior to his receiving said certificate, he completed the plans and specifications and delivered them to the defendant.
Defendant has contended that an architect unlicensed in Florida may not recover on a contract which calls for him to practice architecture in violation of F.S.A. Chapter 467. The preparation and delivery ,of the plans prior to certification in Florida was an isolated act and did not constitute such practicing of architecture in Florida as would render the contract unenforceable. See Johnson v. Delane, 1955, 77 Idaho 172, 290 P.2d 213. The issue of whether or not said plans complied with the contract and could have been used as a basis for obtaining a permit for the construction of said building in Florida was not raised and therefore not considered by the trial court or by this court.
The damages awarded by the trial court in its summary judgment have been assigned as error. The record shows that the plaintiff submitted by affidavit a statement of the amount of liquidated damages. No counter affidavits were filed nor was there any denial of the amounts due. The plaintiff demonstrated an absence of genuine issues of material facts. The defendant did not rebut this showing as required by the rule announced in Holl v. Talcott, Fla. 1966, 191 So.2d 40.
The judgment of the trial court is affirmed.
WALDEN, C. J., and GONZALEZ, JOSE A., Jr., Associate Judge, concur.